UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOEL T. HAYWARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:12-cv-00020-NT |
| | ) |
| SCOTT JONES, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Joel T. Hayward was convicted of arson on July 20, 2001, and sentenced to an eight-year term of imprisonment with all but three years suspended, followed by a six-year term of probation. His probation was revoked on June 25, 2007, and again on April 28, 2008. On December 29, 2008, while housed at the Downeast Correctional Facility, Hayward submitted to a random urinalysis test, which revealed a positive result for methamphetamines. Following a disciplinary hearing, he was found guilty of trafficking a non-prescribed drug. He received 30 days of disciplinary segregation, lost 30 days of good time, and had to pay a $100 fine. Hayward then sought review by Scott Jones, director of the Downeast Correctional Facility. Hayward claimed that his urinalysis had "expired," resulting in "a false positive" (see Inmate Request Slip, ECF No. 1-3), and that an independent urinalysis needed to be performed because he was taking at least two prescription medications at the time of the test. Jones responded that the urinalysis had not expired and that "we checked with the manufacturer and the legal medications in question would not cause a false positive. There is no need for an independent test." (Id.) On January 23, 2009, Jones formally affirmed the disciplinary board's guilty finding. Hayward challenged that decision in a petition for post-conviction review in Maine Superior Court

pursuant to 15 M.R.S. § 2121 et seq. on April 27, 2011.  The court summarily dismissed the petition because the post-conviction review statute did not apply to an administrative disciplinary proceeding.  On December 22, 2011, the Law Court denied Hayward's request for a certificate of probable cause to proceed with an appeal.  Hayward then filed a petition in this Court pursuant to 28 U.S.C. § 2254 on January 20, 2012.  For the reasons that follow, I recommend that the Court deny the petition.

### GROUNDS RAISED IN THE PETITION

Hayward's petition asserts the following grounds:  (1) he was denied procedural due process because an independent urinalysis was not performed; (2) Maine's post-conviction review statute violates the Fourteenth Amendment and the Suspension Clause of Article I, Section 9 of the U.S. Constitution; (3) he was denied substantive due process because he did not have access to legal materials or assistance during his time in segregation; and (4) the disciplinary hearing officer was biased against inmates.  Hayward states that he did not raise his second and third grounds in state court because he feared retaliation by prison officials.  He requests court-appointed counsel, a hearing, and restoration of his good time credits.

### DISCUSSION

In seeking dismissal of Hayward's petition, Jones focuses on the first and fourth grounds, arguing that (1) Hayward did not exhaust his state court remedies, (2) his petition is time-barred, and (3) his request for an independent urinalysis was both factually and legally meritless.  Jones also contends that Hayward's second and third grounds should be dismissed for failure to exhaust state court remedies and because they are untimely.  I agree with Jones's legal arguments that Hayward is not entitled to relief on any of the four grounds in his petition.

As to the requirement of exhaustion under 28 U.S.C. § 2254(b)(1)(A), Hayward believes that his petition for post-conviction review "properly exhausted" his claims. (Petition, ECF No. 1, p. 1.) However, the Maine Superior Court summarily dismissed that petition because it concerned an administrative disciplinary proceeding, which is not covered by the post-conviction review statute. The Law Court agreed, refusing to grant Hayward a certificate of probable cause to pursue his appeal. I must defer to the state courts' interpretation of state law such as the post-conviction review statute. See Hamm v. Latessa, 72 F.3d 947, 954 (1st Cir. 1995). By the same token, the question of whether or not a particular state law as interpreted by the state courts, such as a provision relating to good time allowances, creates a liberty interest is a question of federal constitutional law. Sandin v. Conner, 515 U.S. 472, 487 (1995). For purposes of its arguments in this case, the State of Maine was willing to assume that the type of good time statute implicated by these facts carries with it a due process right. (State's Answer/Request for Dismissal, ECF No. 6, at p. 5 n.5.) As Jones points out, under the Maine Law Court's interpretation of state laws applicable to prison disciplinary proceedings, Hayward should have sought review of his disciplinary proceeding pursuant to the Maine Administrative Procedure Act, 5 M.R.S. § 11001 et seq., and Me. R. Civ. P. 80C, both of which pertain to final decisions by agencies such as the Department of Corrections. See Fleming v. Dep't of Corr., 2006 ME 23, 892 A.2d 1161. Because he did not pursue that available remedy in state court, he has not satisfied the exhaustion requirement. Unfortunately for Hayward, the time in which he could have pursued that remedy has expired. 5 M.R.S. § 11002(3) (petition for review of final agency action must be filed within 30 days of receipt of notice of agency's decision). Hayward offers no explanation for the delay of more than two years between Jones's affirmance of the disciplinary

sanctions on January 23, 2009, and Hayward's filing of the petition for state post-conviction review on April 27, 2011.

Hayward's 28 U.S.C. § 2254 petition is also untimely because 28 U.S.C. § 2244(d)(1) imposes a one-year limitation period on habeas petitions by persons in state custody. Under that statute, Hayward needed to file his petition within one year of a final state court judgment or within one year of "the date on which the factual predicate of the claim . . . could have been discovered . . . ." Id. § 2244(d)(1)(A) & (D). He filed his petition on January 20, 2012, well beyond the one-year period. As I explained above, Hayward did not properly seek state court review of the disciplinary sanctions, and he knew the factual predicate of his claim on approximately January 23, 2009. His filed his petition for state post-conviction review on April 27, 2011, well after the federal one-year statute of limitation had already expired, and he has not given any reason for the delay. Furthermore, even the filing of that petition does not toll the one-year period. The Maine state courts determined that Hayward's petition was not properly filed. 28 U.S.C. § 2244(d)(2) excludes only "[t]he time during which a properly filed application for State post-conviction or other collateral review is pending," but this exception does not apply to Hayward because his state court petition was improper. And in any event, it was not even filed within one year of the imposition of his disciplinary sanctions.

In addition, Jones cites cases suggesting that Hayward does not have a due process right to a second laboratory test. For example, in Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000), the court indicated that there are flexible minimal procedural requirements to be observed in revoking good time credit, including the existence of "some evidence" supporting the revocation, and these requirements must be "balanced against legitimate penological interests," such as the avoidance of "burdensome administrative requirements that

4

might be susceptible to manipulation . . . ." Id. (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-55 (1985)).  The Henson court determined that a prisoner was not entitled to a second drug test because he failed to show that the first test was unreliable or improperly administered, and the first test was nonetheless "some evidence" supporting the punishment, as required by Hill.

     Finally, Hayward admits that he did not exhaust his claims that Maine's post-conviction review statute violates the U.S. Constitution and that he was deprived of access to legal resources during his time in disciplinary segregation.  Although Hayward asserts that he feared retaliation by prison officials if he raised those claims, he does not allege any supporting facts or explain why he apparently did not fear retaliation for challenging his urinalysis.  I conclude that Hayward has not alleged an "impediment to filing an application created by State action," 28 U.S.C. § 2244(d)(1)(B), that would toll the one-year limitation period.  Furthermore, his alleged lack of access to legal resources during his disciplinary segregation is not properly raised in a petition under 28 U.S.C. § 2254.  Hayward perhaps could have raised that claim pursuant to 42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973) (noting that § 1983 is proper remedy for constitutional challenge to conditions of confinement, and holding that writ of habeas corpus is sole federal remedy for challenge to fact or duration of imprisonment).  I nevertheless conclude that it would have likely been dismissed for failure to state a claim, had Hayward filed such a claim for damages in connection with the denial of access to legal materials.  Hayward acknowledges that the Downeast Correctional Facility provided access to Loislaw, his alleged deprivation of access occurred for only 30 days in 2009, and he did not

allege any injury due to the deprivation.[1]  See Lewis v. Casey, 518 U.S. 343, 351-53 (1996) (inmate must show that his nonfrivolous legal claim was hindered).

## CONCLUSION

For the reasons stated above, I recommend that the Court deny relief under 28 U.S.C. § 2254, with prejudice, and dismiss the petition.  I further recommend that a certificate of appealability should not issue in the event Hayward files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 17, 2012                    /s/ Margaret J. Kravchuk
                                   U.S. Magistrate Judge

---

[1] The State notes that Hayward knew the factual predicate of his claim by January 14, 2009, when he was told that he would not get an independent drug test.  However, Hayward did not go into segregation until January 26, 2009, (see items 1-3 & 1-6, Habeas Petition, ECF No. 1).  Thus the 30 days of segregation, in and of themselves, were not the cause of Hayward's lack of access to legal materials and his decision to wait until April 27, 2011, to attempt to obtain state court relief on this issue regarding the deprivation of good time credits.